## ASHCRAFT v. MOFFETT.

No. 3165.   Opinion Filed December 8, 1914.

(144 Pac. 1041.)

1.  **MORTGAGES — Foreclosure — Petition — Allegation of Title.** In an action to foreclose a mortgage, it is not necessary for the plaintiff, in his petition, to set forth with particularity the character of title held by an adverse party in the mortgaged premises.

2.  **INDIANS—Mortgage of Oil and Gas Lease—Approval of Secretary—Necessity.** Under Act Cong. March 3, 1905, c. 1479, 33 Stat. 1061, the approval of the Secretary of the Interior was not necessary to the validity of a mortgage of an oil and gas lease in the Osage Nation.

3.  **MORTGAGES—Foreclosure—Oil ·and Gas Lease—Sufficiency of Petition.** Petition examined, and **held** to state a cause of action.

(Syllabus by Thacker, C.)

*Error from District Court, Osage County; ?*

*R. H. Hudson, Judge.*

Action by George M. Davis, trustee, against James S. Moffett and another, for foreclosure of mortgage, in which Samuel Ashcraft intervened. Judgment for defendants, and intervener brings error. Reversed and remanded.

*Norman Barker,* for plaintiff in error.

Opinion by THACKER, C. This is an appeal by Samuel Ashcraft, an intervener, from a judgment sustaining the demurrer of James S. Moffett, a defendant, to the petition of George M. Davis, trustee, against the Philadelphia-Osage Oil Company and said James S. Moffett, defendants, to recover of the said Philadelphia-Osage Oil Company $15,000 on its 30 bonds, in the principal sum of $500 each, theretofore issued by it, and to foreclose against the said Philadelphia-Osage Oil Company, as mortgagor, and said James S. Moffett, as its successor in right of property, the former's mortgage at the same time issued by it to the plaintiff as trustee for the benefit of any and all persons who might thereafter become lawful holders of said bonds.

Samuel Ashcraft intervened, as the lawful holder of twelve of said bonds, and asked for an independent foreclosure of said mortgage on his own behalf, alleging, among other things, that the plaintiff is an officer, to wit, secretary, and a director, of said Philadelphia-Osage Oil Company, and that said James S. Moffett is not acting in the best interest of the bondholders, etc., and that plaintiff took no action to protect the interest of the bondholders, notwithstanding intervener's protest. The intervener further asked that $9,000 of the amount prayed for by plaintiff be set aside to him, and that the remaining $6,000 be adjudged to the intervener himself.

The mortgage embraced all the property, including all franchises and rights, of the said Philadelphia-Osage Oil Com-

pany, including a leasehold estate in the following lands, to wit:

"Lots numbered two hundred and two (202) and two hundred and ninety (290), section nineteen (19), township twenty-five (25) north, range ten (10) east, and sections seventeen (17), eighteen (18), nineteen (19), and twenty (20), in township twenty-two (22) north, range nine (9) east."

The petitioner and the intervener have brought separate appeals to this court; and the recent opinion of this court, including the syllabus in the case of *Geo. M. Davis, Trustee, v. James S. Moffett,* 43 Okla. 771, 144 Pac. 607, in which the former's appeal has been recently decided, should be adopted as the opinion, including the syllabus, of the court in this case. The essential facts and the questions of law urged are the same in that case as in the present case.

Following the opinion in *Davis, Trustee, v. Moffett, supra,* this case should be reversed, and remanded for proceedings in accord with the views therein and herein expressed.

By the Court: It is so ordered.